IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KENT ALLEN JONES,<br><br>　　　　　　Defendant. | Case No. CR 06-126-S-BLW<br><br>**REPORT AND RECOMMENDATION** |

On November 29, 2007, Defendant KENT ALLEN JONES appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a written waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Superseding Indictment (Docket No. 197), the maximum penalties applicable, his constitutional rights, and discussed the terms of the Plea Agreement entered into between the Government and the Defendant.

The Court advised the Defendant that the Plea Agreement contained a stipulated sentence of not less than ten (10) or more than fifteen (15) years, with the parties free to argue an appropriate sentence within this range. The Court further advised that United States District Judge B. Lynn Winmill would decide whether or not to be bound by the plea and Plea Agreement which contained a stipulated sentence after he had an opportunity to review Defendant's

...

...

...

presentence report. If Judge Winmill decides, in accordance with Fed. R. Crim. P. 11(c)(5), not to accept the plea and Plea Agreement containing the stipulated sentence, the Defendant would have the options provided for in Fed. R. Crim. P. 11(c)(5)(B) and (C).

The Court, having conducted the change of plea hearing and having inquired of the Defendant, his counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, and that he entered it voluntarily and with full knowledge of the consequences.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1) The District Court review the plea and Plea Agreement in accordance with Fed. R. Crim. P. 11(c)(3)(A), 11(c)(4) and 11(c)(5).

2) If the District Court determines that the plea and Plea Agreement containing the stipulated sentence should be accepted, that the Defendant's plea of guilty to Counts TWO, THREE, SIX and SEVEN of the Superseding Indictment (Docket No. 197) be accepted and that at the time of sentencing, Counts ONE, FOUR, FIVE and EIGHT be dismissed.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: November 30, 2007.

MIKEL H. WILLIAMS
CHIEF UNITED STATES MAGISTRATE JUDGE